

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

·Honorable Charles B. Slaughter
County Attorney, Martin County
Stanton, Texas

Dear Sir:                    Opinion No. 0-3602

Re: Whether or not a Notary
Public who has no direct
personal interest in the
matter, who draws for and
on behalf of others, con-
tracts, deeds, leases,
affidavits, and mechanics'
liens, gives opinions,
and opinions as to title
to real estate, is engaged
in the unlawful practice
of law under Article 430a,
Penal Code, Vernon's Stat-
utes.

We acknowledge receipt of your letter of May
24, 1941, propounding the following question:

"Do you consider that a Notary Public
is engaged in the unlawful practice of the
law when he draws for and on behalf of
others, and when he has no direct or pri-
mary interest, contracts, deeds, leases,
affidavits, mechanics' liens, gives opin-
ions, and opinions as to title to real es-
tate?"

Article 430a Vernon's Penal Code declares it
shall be unlawful for any person, not a member of the
bar regularly admitted and licensed, to practice law.

Section 2 of the Article defines the practice
of law as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Whoever * * * (b) for a consideration, reward or pecuniary benefit, present or anticipated, direct or indirect, advises or counsels another as to secular law, or draws a paper, document or instrument affecting or relating to secular rights; * * * or (d) for a consideration, direct or indirect, gives an opinion as to the validity of the title to real or personal property, * * * is practicing law."

Each of the acts enumerated by you appears clearly to fall within this definition of practice of law. Your inquiry does not disclose, however, except inferentially, that the Notary Public performs the acts for a pecuniary benefit within the meaning of the Act, or that he is not a duly licensed lawyer. We assume each of these to be true.

A Notary Public is a public officer under authority of the State appointed for a definite time, required by law to subscribe to an official oath and to execute an official bond.

His duties are defined by law as the taking of acknowledgments or proofs of written instruments, protesting instruments permitted by law to be protested, administering oaths, and taking depositions, "as is now or may hereafter be conferred by law upon County Clerks." (Rev. Civ. Stat. Art. 5954).

None of the activities mentioned by you come within the scope of the official duties of such Notary Public.

This Department has had before it the question of the unlawful practice of law in the following cases:

In Opinion No. O-831 we considered a contract by a bond broker with a county to work out a schedule of the amount and type of bond to be sold for the particular project suggested by the county, and then to procure the services of an attorney to prepare the various orders, notices and other instruments required to make up the transcript of the bond proceedings preliminary to the obtaining of an opinion of validity from the Attorney General; likewise, to furnish the opinion of a recognized bond attorney. The contract was held to be illegal as the unauthorized practice of law.

In Opinion No. 0-1233 we held that a local attorney would be violating Article 430a by filing applications of foreign corporations for permits to do business in Texas for and on behalf of a corporation system which is unauthorized to practice law in the State of Texas.

In Opinion No. 0-1560 we advised the County Attorney of Bosque County that a contract by a printing corporation agreeing "to prepare the legal proceedings necessary to be executed in voting and/or authorizing the issuance of the proposed securities," was illegal and void as in violation of the statute under consideration.

Upon the statutes, considerations, and rulings above stated, you are respectfully advised that the activities of the Notary Public mentioned by you would be in violation of Article 430a of Vernon's Penal Code of Texas.

APPROVED JUN 6, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

OS-MR

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant


APPROVED
OPINION
COMMITTEE
BY